IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11226
Summary Calendar
_____

EDDIE DEAN KELLY,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

----------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-635-Y
----------------------
August 27, 2002

Before HIGGINBOTHAM, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Eddie Dean Kelly, a Texas prisoner (# 761045), appeals from
the district court's denial of his 28 U.S.C. § 2254 habeas corpus
petition.  Kelly challenges his 1996 guilty-plea conviction of
three counts of the aggravated sexual assault of his nine-year-
old stepdaughter and the 60-year prison term imposed by a jury
following a sentencing trial.  On February 22, 2002, this court
granted Kelly a COA "on the issue whether Kelly's counsel was
ineffective for failing to object in the presence of the jury to

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the State's improper questions concerning a doctor's opinions that were not in evidence and to request a curative instruction that the jury disregard the questions and opinions."

Kelly contends that, on direct appeal, the Texas Court of Appeals improperly addressed and rejected the above claim.  He argues, inter alia, that the state appellate court improperly "speculated" that trial counsel's actions were based on reasonable trial strategy and that the court failed to consider the prejudice prong of the Strickland v. Washington, 466 U.S. 668 (1984), standard for addressing ineffective-assistance claims.

To prevail on an ineffective-assistance claim, a petitioner must establish both that his counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland, 466 U.S. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.  Contrary to Kelly's implication, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted) (emphasis added).  Kelly has not established that the state appellate court's conclusion that counsel's conduct might have been based on "reasonable trial strategy" was contrary to, or an unreasonable application of, the Strickland deficient-performance standard.  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000).

Kelly also has failed to demonstrate that he was prejudiced by any error of counsel.  It is true that his trial attorney's failure to raise a timely objection and to request a curative

instruction allowed the prosecution to make improper references to the results of a doctor's opinion that had not been introduced into evidence. See Ramirez v. State, 815 S.W.2d 636, 651 (Tex. Crim. App. 1991). Kelly has not established a reasonable probability that the result of the proceeding would have been different in the absence of such improper references. Strickland, 466 U.S. at 694.

The judgment of the district court is AFFIRMED.